# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY J. McDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-05-496-JHP-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The Plaintiff appealed a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The undersigned Magistrate Judge determined that the decision of the Administrative Law Judge (the "ALJ") was not capable of meaningful review, and recommended reversal and remand for further proceedings. The District Judge agreed with this recommendation and rendered judgment in accordance therewith. The Plaintiff thereupon filed a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act with Brief in Support [Docket No. 17], to which the Commissioner objected on the theory that his position was "substantially justified" within the meaning of the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. The District Judge referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons set forth below, the undersigned Magistrate Judge recommends that the Plaintiff's Motion be granted and the Plaintiff be awarded attorney's fees under the EAJA in the amount of $4,164.50.

A prevailing claimant in a social security appeal pursuant to 42 U.S.C. § 405(g) is entitled to an award of attorney's fees under the EAJA *unless* the Court finds that the position of the Commissioner "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner has the burden of proving that his position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). A position is "substantially justified" if it has a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). This is a three-part test: "the government must show 'that there is a reasonable basis . . . for the facts alleged . . . [;] that there exists a reasonable basis in law for the theory it propounds; and that the facts will reasonably support the legal theory advanced.'" *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992), *quoting Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988), *quoting United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir.), *cert. denied*, 469 U.S. 825 (1984). The Commissioner must show the position he took was reasonable not only in this Court but also in the administrative proceedings below. *Id.* ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986).

The Court reversed the Commissioner's decision in this case for two reasons: (i) the ALJ discussed evidence suggesting the claimant had a mental impairment, but failed to indicate whether or not she considered that impairment to be severe; and, (ii) the ALJ failed to indicate what weight, if any, she assigned to the findings of a treating physician who

documented the claimant's mental impairment. Nevertheless, the Commissioner argues his position was substantially justified because he reasonably believed: (i) the findings of the treating physician who documented the claimant's mental impairment were entitled to no weight because they were contained in a letter from a study coordinator, who was not a medically acceptable source; and, (ii) the ALJ's conclusion that the claimant had no severe mental impairment was manifestly defensible because it was consistent with the rest of the medical evidence in the record.

The Commissioner's arguments are entirely beside the point. The Court *did not* find that the ALJ erred by assigning too little weight to the treating physician's findings or by concluding that the claimant's mental impairment was not severe. On the contrary, the Court found that the ALJ erred *in failing to assign weight* to the treating physician's findings and *in failing to conclude* that the claimant's mental impairment was not severe. These are determinations the Court cannot make for the ALJ whatever the merits of the Commissioner's arguments on appeal. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991). Consequently, the undersigned Magistrate Judge cannot find that the Commissioner's position was substantially justified, and the claimant is entitled to an award of attorney's fees

as the prevailing party under the EAJA. *See, e.g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27, n.3 (N.D. Ill. 1998) (finding the Commissioner's position was not substantially justified where the ALJ provided no adequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

In connection with the appeal, the Plaintiff claims 24.4 hours of attorney time and 3.5 hours of paralegal work, for a total of $4,164.50. *See* Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act with Brief in Support [Docket No. 17]. The Commissioner does not argue that these fees are unreasonable. The undersigned Magistrate Judge finds that such fees are reasonable and should be awarded to the Plaintiff as the prevailing party under the EAJA.

## CONCLUSION

In summary, the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that the Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act with Brief in Support [Docket No. 17] be GRANTED. The undersigned further RECOMMENDS that a reasonable attorney's fee of $4,164.50 be awarded to the Plaintiff as the prevailing party herein.

**DATED** this 26th day of February, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**